108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHARO'S CORPORATION, Petitioner,
v.
UNITED STATES of America, Respondent.
 No. 95-70574.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Feb. 20, 1997.
 
 Petition to Review a Decision of the Office of the Chief Administrative Hearing Officer, Executive Office for Immigration Review, No. 95E00046.
 OCAHA
 REVERSED.
 Before: FERGUSON, BEEZER, and TASHIMA, Circuit Judges.
 MEMORANDUM*
 Although the Immigration and Naturalization Service moved the Administrative Law Judge to dismiss Count I of its Complaint against Charo's Corporation for knowingly hiring three aliens not authorized to work in the United States in violation of 8 U.S.C. § 1324(a)(1)(A), the judge held that Charo's' was not entitled to attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504, because the position of the INS was substantially justified. We hold otherwise.
 
 I.
 
 1
 Count I of the INS' Complaint names the three unauthorized alien employees as Maria Rodriguez, Ruben Hernandez and Ricardo Hernandez. The record discloses that while the INS had substantial reason for investigating Charo's for the statutory violations, it was not substantially justified in prosecuting the charge.
 
 
 2
 The record reveals that shortly after the filing of the Complaint, Charo's provided proof that Ms. Rodriguez was not employed by Charo's. With regard to the Hernandez brothers, after the INS interviewed them they were released from custody, given employment authorization and their deportation proceedings were suspended. Shortly thereafter they were nowhere to be found. The INS closed its deportation case against them but continued to prosecute its charge against Charo's, including the listing of their names in this pretrial hearing list. It was not until the hearing itself that the INS informed the ALJ and Charo's that the brothers were not available to testify. It is clear that the INS was not substantially justified in proceeding with the charges.
 
 
 3
 Furthermore, the ALJ in adjudicating the attorneys' fee request of Charo's used the wrong rule of law. The primary issue in this matter was whether or not Charo's had knowledge of the illegal status of the three named persons. The ALJ held the knowledge is the burden of the employer and not the government. The legislative history of the Act is unequivocal that the burden of proving a violation of the Act, including knowledge, always remains on the government--by a preponderance of the evidence with the case of civil penalties and beyond a reasonable doubt in the case of criminal prosecution. 28 C.F.R. § 68.52(c)(1)(i).
 
 
 4
 Based upon the totality of the circumstances we hold that the government's decision to proceed to hearing Count I of the its Complaint was unjustified. The government did not have a reasonable basis for its continued prosecution of the Complaint. Pierce v. Underwood, 487 U.S. 552 (1988).
 
 
 5
 The calculation of fees owed to a successful petitioner under 5 U.S.C. § 504 should be made by the adjudicative officer of the administrative agency conducting the hearing. 5 U.S.C. § 504(a)(3). Therefore, we remand Charo's request for attorneys' fees for work done in defense of its innocence as to Count I to the Office of the Chief Administrative Hearing Officer of the Executive Office for Immigration Review to assess the reasonableness of the request. Charo's request for attorneys' fees for work done for this appeal is denied because it fails to comply with Ninth Circuit Court Rules 28-2.3 and 39-1.6.
 
 
 6
 The decision to deny attorney fees is REVERSED and the matter is REMANDED for calculation of the fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3